**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4310-16T3

MARGALIE ORLEANS,

    Plaintiff-Respondent,

v.

WM. S. RICH & SON,

    Defendant-Appellant.

_____

        Submitted October 17, 2018 – Decided August 14, 2019

        Before Judges Fuentes and Accurso.

        On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. SC-000269-17.

        Anthony H. Guerino, attorney for appellant.

        Margalie Orleans, respondent pro se.

PER CURIAM

Defendant Wm. S. Rich & Son, a pawnbroker, appeals from the judgment entered by the Law Division, Special Civil Part, Small Claims,[1] which found defendant failed to return a diamond pendant pledged by plaintiff Margalie Orleans as collateral for a $500 loan. We affirm.

Judge James Wilson conducted a bench trial at which plaintiff appeared pro se and defendant was represented by counsel. Plaintiff testified that on August 4, 2016, she gave defendant "a piece of carat diamond pendant," which she described as a "diamond circle . . . with little diamonds all inside of it . . . [a] pair of diamond earrings . . . a three-stone diamond engagement ring, [and] a diamond ring," as collateral for a $500 loan. This transaction occurred at defendant's store located at Stuyvesant Avenue in the Township of Union.

Plaintiff testified she repaid the loan on January 13, 2017, which consisted of $500 in principal and $139 in interest, for a total of $639. The pledge ticket admitted into evidence shows on its face that defendant charged plaintiff an annualized interest rate of 54.8 percent. However, plaintiff claimed defendant did not return the diamond pedant, which was among the jewelry she pledged as

---

[1] Pursuant to Rule 6:1-2(a)(2), this matter was tried as a Small Claims case because the amount in dispute, including any applicable penalties, does not exceed $3,000.

A-4310-16T3

collateral for the loan. In an effort to clarify the basis for plaintiff's claim against

defendant, Judge Wilson asked plaintiff the following question:

> PLAINTIFF: So Mr. Rich's staff stated, according to the defendant, this pendant was removed from this silver necklace. That's how he explained why this was inventoried the way it was. According to him, the chain was separate, which is what you see first. The pendant was the second item, which he stated is two units.
>
> THE COURT: So . . . you're saying that you gave him a necklace with a diamond pendant on it.
>
> PLAINTIFF: Yes.
>
> THE COURT: And then you gave him a separate diamond pendant?
>
> PLAINTIFF: Correct.
>
>   . . . .
>
> Your Honor, I would like to bring to the [c]ourt's attention that the diamond pendant we're discussing is very small. It's a half a diamond, originally that were a pair of tiny studs which were given to me as a gift when I graduated from corrections. Because they were so tiny, when I wore them they were invisible, so I decided to take them apart and turn them into a diamond pendant. So we're looking at something that's maybe a little bigger than . . . a few inches. So it's pretty small. It's all pure diamonds.
>
> THE COURT: And you're saying that it's worth $2,000?
>
> PLAINTIFF: It is. It was from Macy's. It is worth $2,000.

A-4310-16T3

As part of defense counsel's cross-examination, plaintiff testified she had dealt with defendant before and, up to this point, had not had any problems. Plaintiff also testified the pendant was purchased at the Macy's store located in the Short Hills Mall.

Defendant called as its only witness Mark Desanctis, the manager of the store located in Union Township. According to Desanctis, Wm. S. Rich & Son owns and operates twelve pawnshops located throughout the State. He also acknowledged being familiar with plaintiff's case and confirmed that plaintiff pledged this jewelry on August 4, 2016. The notations on the pledged record confirmed the receipt of "a chain, a diamond pendant, a diamond cluster ring, a three-stone diamond ring, and a pair of diamond and stone earrings." According to Desanctis, these five items were returned to plaintiff. However, Desanctis corroborated plaintiff's testimony that the chain was separated from the pendant and was thus considered two separate items of jewelry. Desanctis identified a copy of a redeem ticket dated August 4, 2016, with plaintiff's signature, reflecting five items of jewelry.

On cross-examination by plaintiff, Desanctis testified he was at the store on January 13, 2017. However, the redeem ticket was not time-stamped. Desanctis also confirmed that the writing on the redeem ticket was from Kelly,

"one of the workers . . . at the store." The store at Union Township had three fulltime employees at the time. When plaintiff asked Desanctis why Kelly was not in court to testify, he responded: "She doesn't need to be here. . . . I'm the manager of the store."

At the conclusion of the trial, Judge Wilson found defendant's witness's testimony "fraught with hearsay, as he had no firsthand knowledge of what actually happened[.]" Judge Wilson thus found plaintiff had sustained her burden to prove, by a preponderance of the evidence:

> that on August 4th, 2016 . . . she came to the defendant's shop, tendered six items to the defendant for collateral for a $500-loan, and that when she paid off the loan she only received five of those items back, and she was missing a diamond pendant, half a carat that was merged together, and that was worth $2,000.

The court entered judgment against defendant in the amount of $2,000, plus court costs.

Against this record defendant argues the trial court's decision must be reversed because there was no evidence to support the value of the pendant, Judge Wilson's decision "could not have been reasonably reached," and the testimony about insurance coverage for this loss constituted plain error under Rule 2:10-2.

A-4310-16T3

Defendant is regulated by the New Jersey Department of Banking and Insurance as a licensed pawnbroker under the General Provisions Regulating Pawnbrokers, N.J.S.A. 45:22-1 to -33, officially known as the "pawnbroking law." N.J.S.A. 45:22-1. Under this statutory scheme, defendant is:

> liable for the loss of a pledge or part thereof, or for injury thereto, whether caused by fire, theft, burglary or otherwise, resulting from his failure to exercise reasonable care in regard to it, but he shall not be liable, in the absence of an express agreement to the contrary, for the loss of a pledge or part thereof, or for injury thereto, which could not have been avoided by the exercise of such care. The burden of proof to establish reasonable care shall be upon the pawnbroker.
>
> [N.J.S.A. 45:22-24 (emphasis added).]

Furthermore, we review the factual determinations made by a judge sitting as the trier of fact in a bench trial guided by the following deferential standard:

> Final determinations made by the trial court sitting in a non-jury case are subject to a limited and well-established scope of review: "we do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]"
>
> [D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) (quoting Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (alteration in original)).]

6

Based on this well-settled common law standard of review, as augmented by defendant's burden of proof under N.J.S.A. 45:22-24, we discern no legal or factual basis to disturb Judge Wilson's findings.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4310-16T3